[No. 6,667.—In Bank.]
March 30, 1882.

## THE PEOPLE OF THE STATE OF CALIFORNIA v. SAN FRANCISCO GAS LIGHT COMPANY.

HARBOR COMMISSIONERS—DOCKAGE—WHARFAGE—TOLLS—STREETS.—The State Board of Harbor Commissioners has no authority to collect dockage, wharfage or tolls upon any wharves that do not constitute a portion of a street, ending or fronting upon the waters of the bay.

ID.—ID.—ID.—ID.—ID.—DEFINITION.—Section 2524, Pol. C., refers to "*streets*" which are "*thoroughfares;*" and not to streets covered by water.

APPEAL from a judgment for the defendant.

The points involved and the argument in this case are substantially the same as in case No. 6676, reported *infra*.

*J. B. Lamar* and *W. W. Morrow,* for Appellant.

*Clement, Osment & Clement,* for Respondent.

McKINSTRY, J.:

The State Board of Harbor Commissioners can collect dockage, wharfage and tolls only at such places as the statute may authorize. It is clear the present action cannot be maintained if the Harbor Commissioners are not authorized by

the statute to collect wharfage, etc., at the Gas Works (Potrero) Wharf.

Our attention has not been called to any provisions of the Political Code which are claimed to empower the Board to collect dockage, wharfage, or tolls at the wharf mentioned, other than those contained in Sections 2524 and 2525.

Section 2524 provides that the Harbor Commissioners in addition to a "general control" over the premises therein described, "shall have authority to use for loading and landing merchandise, with the right to collect dockage, wharfage and tolls thereon, such portion of the streets of the City and County of San Francisco, ending or fronting upon the waters of said bay, as may be used for such purpose, without obstucting the same as thoroughfares." And Section 2525: "The Board of State Harbor Commissioners are authorized to extend any of the streets lying along the water front of said city and county to a width not exceeding one hundred and fifty feet, when they have not been already so extended. The outer half of said streets must be constructed or built, and maintained in good repair, by the State Harbor Commissioners, or the parties holding under them, and may be used as a landing place or pier on which dockage, wharfage and tolls may be collected. And until such extensions are made the Commissioners may have and use as a landing place, with full power to collect dockage, wharfage and tolls thereon, so much of the *streets*, now fronting upon the water front, as may be used for such purpose, without obstructing the same as a thoroughfare, etc.

Section 2524 refers to "streets" which are "thoroughfares," and not to streets covered by water—*roadsteads* or otherwise. The authority conferred on the Board is to permit the use of the streets for loading and landing merchandise (charging wharfage, etc.), but the "street" on which the goods are *landed,* is not to be obstructed as a *thoroughfare* by the merchandise thus landed.

The meaning of Section 2525 is equally unambiguous. By it the Board is empowered "to extend" or make wider by *constructing or building* the outer half of streets "lying along the water front." Until the extensions are made the Commissioners may have and use as a *landing place,* with power

to collect, etc., "so much of the *streets* now *fronting upon the water* front" as may be so used without "obstructing the same as thoroughfares."

The case before us fails to show that the Gas Works (Potrero) Wharf constitutes any portion of a street or thoroughfare ending at or fronting on the water, but, on the contrary, that it is an isolated projection, which is approachable (except by water-craft) only from private property in the rear.

Judgment affirmed.

MYRICK, ROSS, and SHARPSTEIN, JJ., concurred.

THORNTON, J., dissented.